UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4549

PAMELA S. KNOWLTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Joseph Robert Goodwin, District Judge.
(CR-97-19)

Submitted: January 13, 1998

Decided: January 23, 1998

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Mason Preston, PRESTON & WEESE, L.C., Lewisburg, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Susan
M. Arnold, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pamela S. Knowlton appeals from the four-month sentence imposed by the district court upon her guilty plea to one count of bankruptcy fraud, 18 U.S.C. § 157 (1994). Knowlton's only claim on appeal is that the sentence was unduly harsh in light of the nature of her offense and history. We affirm.

In an effort to avoid an outstanding medical bill, Knowlton submitted a fraudulent bankruptcy court order to the collection agency handling the debt showing that she had been granted a discharge in bankruptcy. When contacted by the FBI, Knowlton admitted that she had changed the date, debtors' names and case number in order to avoid her debt. Knowlton pled guilty to bankruptcy fraud in February 1997. At her sentencing hearing, Knowlton stated no objections to the presentence report. The guideline range for Knowlton's offense, after taking into account a two-level reduction for acceptance of responsibility,* was zero to six months imprisonment. The district court imposed a term of four months. Knowlton appeals, claiming that the district court acted arbitrarily in imposing a term of imprisonment rather than home confinement or probation.

Because Knowlton's sentence fell within a properly calculated guideline range, her challenge to the sentence is not cognizable on appeal. See United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990) (holding that criminal defendant is precluded from seeking "review of a sentencing court's discretion in setting a sentence anywhere within a proplery calculated sentencing range"); see also United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994) (challenge to sentence at top of guideline range not authorized by statute).

Accordingly, we affirm Knowlton's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*U.S. Sentencing Guidelines Manual § 3E1.1 (1995).

2